WILLIAM H. PEARCE v. LUKE MASON.

*Practice -- Pleading -- Defective Complaint -- Answer -- Issues -- Verdict -- Amendment.*

1. A complaint alleged that A contracted to sell a lot of land to the defendant and took his notes for the price, and afterwards A convey-ed the land to the plaintiff, who brought suit for the amount of the notes; *Held*, that the complaint is demurrable in that it failed to al-lege the assignment of the notes by A to the plaintiff.

2. An allegation of such assignment in the answer of the defendant supplies the omission and gives the plaintiff a good cause of action.

3. When the defendant in such action in his answer alleges partial payments including a certain sum for the occupation of the premises by the plaintiff, which allegation is denied in plaintiff's replication and no issue thereon is submitted to the jury, this Court on appeal will arrest the judgment and remand the case in order that that issue may be tried by a jury.

4. The general rule is that a party must present his defence in apt time by tender of issues or else it must be held to be waived ; but this rule should not be applied to a case wherein the complaint is not one on which a judgment can be given.

5. Defects in complaints are sometimes held to be cured by verdict, but not in cases where there is a total omission of an essential allegation in the complaint.

6. In such case the defect in the complaint could have been cured by an amendment after verdict under C. C. P. § 132.

CIVIL ACTION, tried at Fall Term, 1877, of CRAVEN Superior Court, before *Eure, J.*

The plaintiff alleged that the defendant entered into possession of a certain lot in the City of New Berne under a contract of purchase with Mrs. Mary Chadwick, who agreed upon the payment of a certain sum of money to execute a deed for the same; that if the payment was not made as stipulated in the contract, then it should be null and void ; that Mrs. Chadwick subsequently conveyed to the plaintiff;

and that the defendant had failed to pay any part of the purchase money. Wherefore the plaintiff demanded judgment for the amount of the notes given by the defendant to Mrs. Chadwick for the purchase of the land.

In his answer the defendant, after admitting the execution of the notes, alleged that in pursuance of an agreement in writing between the plaintiff and himself, the plaintiff bought the lot of Mrs. Chadwick and took an assignment of the notes and agreed that defendant might carry on the business of carriage making, &c., on the lot, and with the profits arising therefrom, pay off said notes and get a deed; that he had previously paid a part of the purchase money to Mrs. Chadwick, and that the plaintiff had received from him a considerable sum in work done for the plaintiff; that the lot had increased in value by reason of improvements, and that he had paid more than the purchase money, and demanded judgment for the excess.

The plaintiff replied and denied the averments of the defendant, and alleged that he did purchase the lot of Mrs. Chadwick, but not in pursuance of any agreement with defendant, and that no such agreement was ever made between them.

Upon the issues submitted to the jury, it was found that the plaintiff was the owner of the notes which were given for the purchase of the land described in the complaint, and that defendant had paid plaintiff on said notes, the sum of $650 of which sum $100 was for work done for plaintiff. Thereupon the Court gave judgment for plaintiff for $1319,-78, balance due upon the notes, and appointed a commissioner to sell the premises and apply the proceeds to the payment of the judgment, &c., from which the defendant appealed.

*Messrs. Green & St.venson,* for plaintiff.

*Messrs. Battle & Mordecai* and *W. J. Clarke,* for defendant.

RODMAN, J. This is a case which has been so obscured by bad pleading and careless procedure, on both sides, as to make it extremely difficult to be dealt with, without danger of doing injustice to one or the other of the parties. A simple question of fact, which appears to be the only question about which the parties really differ, has been unnecessarily complicated with a perplexing question of practice. In such a case, where there are no decisive precedents or rules, and the equity of neither party clearly appears, all that we can do, is, so to order, that as far as we can effect it, no injustice shall be done to either party ; and if we happen to fail in this purpose, the blame must fall not upon us whom the parties have united to mystify and befog, but on the parties whose neglect of the rules of pleading and procedure has produced the difficulty.

The motion is to arrest or set aside the judgment on the ground that it is not warranted by the complaint. The complaint states that Mrs. Chadwick agreed to sell to defendant a certain piece of land, and took his notes for the price, and that she afterwards conveyed the land to the plaintiff. It does not say that she assigned the notes to the plaintiff, yet it demands a judgment for the amount of the notes. The complaint was demurrable, and would not authorize the judgment demanded or that which was given.

The detendant however answers and carefully alleges that the notes were assigned to the plaintiff, thus supplying the plaintiff's omission and giving him a good cause of action. The defendant also says he has paid the notes, and in a schedule attached to his answer, states many partial payments. In the schedule of payments is the following ; "For use of part of the premises by Levi Guion placed in possession by the plaintiff, and who occupied the same for

three years, $400." More will be said of this claim pres-
ently.

The plaintiff, apparently not being willing to accept the
defendant's aid in making out his case, and not being satis-
fied to rely upon the replication implied by C. C. P. except
as to a counter-claim, replies and carefully denies each alle-
gation of the answer, including that which alleged that the
notes had been assigned to him. Such being the pleadings,
issues were submitted to a jury :—

1. Was the plaintiff the owner of the notes? 2. How
much has been paid on them ? The jury found in favor of
the plaintiff, that he was the owner of the notes on which
he asked judgment, and that $650 had been paid on them.
On this verdict the Judge gave judgment against defendant
for the unpaid residue of the debt, being nearly $1400, and
ordered the land to be sold, &c. It does not appear that
either party asked that any issue should be submitted
touching the possession of a part of the land by Guion un-
der the authority of the plaintiff. If the defendant meant
to rely on his claim arising out of this possession, it was
negligence in him not to have asked that an issue upon it
should be submitted. He complains in this Court that in-
justice has been done him, in that, this sum was not allow-
ed him as a payment, or as a recoupment. We take it to be
law, that if a mortgagee (and that was substantially the
character of the plaintiff) take possession of any part of the
mortgaged property, the rents or profits received by him
must go in diminution of the mortgage debt. If the fact be
as the defendant alleges, his right is clear. His difficulty
is that he did not make this defence on the trial when it was
open to him. The general rule is unquestionable, that a
party must present his defence in apt time. To omit pre-
senting a defence when it is known to a defendant, must be
held on every principle of legal policy and of equity, a waiv-
er of it; and such a negligent omission furnishes no ground

for an application for a new trial. The policy and the general rule of the law are, that there should be an end of litigation, and that judgment must be final. We should not hesitate to apply that rule in this case, if the complaint were one on which a judgment could be given. The defect has been stated. It was cured by the verdict so far, that the Judge would have allowed the plaintiff even after verdict to amend his complaint by stating that the notes had been assigned to him, as C. C. P. § 132 authorizes. But this was not done, and the complaint remains yet defective. I am aware that defects in complaints are sometimes held cured by verdicts without the necessity of amending the complaint. But without minutely inquiring into the rules on that subject, it seems to us that they cannot apply where there is a total omission of an essential allegation. We cannot allow the amendment in this Court. On the whole, we think we are required to arrest the judgment. This however does not set aside the verdict which, as far as it goes, will stand. The plaintiff may apply to the Judge below for leave to amend his complaint in the matter in which it is defective, and either party may apply to have an issue made up and tried, as to whether plaintiff took possession of any part of the land, and received any rents or profits therefrom, and the amount thereof, if any.

The allegation by the defendant that he has made improvements on the land since his contract for the purchase, is immaterial. If he has thereby increased the value of the land, he will receive the benefit of them on a sale. We think also that if the Judge of the Superior Court shall hereafter order a sale of the land to pay any sum which may be found owing to the plaintiff, it will be proper under the circumstances of this case, as they now appear to us, to allow the defendant a reasonable time within which to satisfy the debt, before a sale. What is a reasonable time, must depend a good deal on the circumstances, and must

be left mostly to the discretion of the Judge. This Court has indicated that, in general, three months would be reasonable.

Judgment set aside and case remanded to be proceeded in according to this opinion. We think neither party ought to recover costs in this Court.

PER CURIAM.                    Judgment accordingly.